McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Dana B. Denno, #227971
  *dana.denno@mccormickbarstow.com*
Garrett R. Leatham, #333362
  *garrett.leatham@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:   (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Jacob DeGolish d/b/a/ Assemble Capital LLC

# UNITED STATES BANKRUPTCY COURT

## CALIFORNIA NORTHERN BANKRUPTCY COURT

### SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>EDDIE PASCUA BATOON AND FLORA LLANES BATOON,<br><br>    Debtors,<br><br>---<br><br>JACOB DEGOLISH dba ASSEMBLE CAPITAL LLC.<br><br>    Plaintiff,<br>vs.<br><br>EDDIE PASCUA BATOON AND FLORA LLANES BATOON; JOSEPH RIFFEL; PLACER TITLE COMPANY, a California Corporation; COLDWELL BANKER, LLC, a Delaware Limited Liability Company,<br><br>    Defendants. | Case No. 23-50592<br><br>Chapter 11<br><br>AP No. 23-05016<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND**<br><br>**DATE:** September 12, 2023<br>**TIME:** 1:30 p.m.<br>**PLACE:** United States Bankruptcy Court<br>    Northern District of California<br>    280 South First Street<br>    Courtroom 9<br>    San Jose, CA 95113<br><br>**JUDGE:** Hon. Stephen L. Johnson |

Plaintiff Jacob Degolish d/b/a Assemble Capital LLC ("Plaintiff") respectfully submits this memorandum of points and authorities in support of its motion made pursuant to 28 U.S.C. § 1452(b) for an order remanding the action entitled *Jacob Degolish, d/b/a Assemble Capital LLC v. Placer Title Company, et al.*, case no. 22CV1845 ("State Court Action") back to El Dorado County Superior Court.

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

Case No. 23-50592
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

Case 23-05016  Doc# 10-2  Filed: 08/15/23  Entered: 08/15/23 16:49:46  Page 1 of 7

## I. SUMMARY OF ARGUMENT

The Court should remand the State Court Action back to El Dorado County Superior Court pursuant to 28 U.S.C. § 1452(b) because the equitable factors recognized in the Ninth Circuit weigh in favor of this Court remanding the State Court Action back to El Dorado County Superior Court.

## II. STATEMENT OF FACTS

Plaintiff filed the State Court Action in El Dorado County Superior Court on December 19, 2022. Request for Judicial Notice ("RJN"), **Exhibit A**. The State Court action alleges that Plaintiff entered into a contract with Ginger Mountain Lodge LLC, a California limited liability company ("GML") who owns a motel in South Lake Tahoe ("Property"), to purchase said motel. *Id.* One of the three members of GML, Flora Batoon,[1] entered in to the contract with Plaintiff on behalf of GML. *Id.* But as Plaintiff later discovered, GML's operating agreement requires that any decision concerning the business requires a simple majority vote of the members, and Flora Batoon did not have a majority interest in GML. *Id.*

Plaintiff deposited a non-refundable earnest money payment of $22,100 with Placer Title Company and for nearly a year thereafter, entered into numerous other contracts with GML, with Flora Batoon purportedly signing on behalf of GML. *Id.* Additionally, Plaintiff spent more than $135,000 in costs associated with preparing the Property for operations after the closing of escrow. *Id.* After all this time and expending this sum of money, Plaintiff discovered, through communications with Placer Title, that Flora Batoon did not have the sole authority to act on GML's behalf. *Id.*

The State Court Action alleges that other named defendants, Placer Title Company (the escrow agent) and Joseph Riffel (the broker) knew that Flora Batoon was acting without authority and did not disclose it to Plaintiff. *Id.* The complaint contains three claims – fraud (against Flora Batoon), fraudulent concealment (Coldwell Banker and Joseph Riffel), and fraudulent concealment (against Placer Title). *Id.*

Debtor-defendant Flora Batoon filed the notice of removal with this court on June 27, 2023.

---

[1] The other two members are Eddie Batoon and Julia Duward.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

RJN, **Exhibit B**. Plaintiff was notified of this case on July 17, 2023 when Plaintiff's counsel received an electronic service notification on July 17, 2023.

### III. ARGUMENT

Debtor-defendant removed the State Court Action pursuant to 28 U.S.C. § 1452(a). Plaintiff requests this court for an order pursuant to 28 U.S.C. § 1452(b) to remand the State Court Action back to El Dorado County Superior Court on the grounds stated below. Plaintiff brings this Motion under Federal Rule of Bankruptcy Procedure 9027. There is no time limit to bring a motion for remand under 28 U.S.C. § 1452(b) and Fed. R. Bankr. P. 9027(d). *In re Hotel Mt. Lassen, Inc.*, 207 B.R. 935, 939 (Bankr. E.D. Cal. 1997) ("there being no specified deadline, any motion to remand under § 1452(b) and Rule 9027(d) is timely"). Plaintiff did not find out about the notice of removal until July 17, 2023. Declaration of Dana Denno, Exhibit 1.

In making a decision to remand under 28 U.S.C. § 1452(b), courts in the Ninth Circuit are to balance 14 factors, which are:

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;

(2) extent to which state law issues predominate over bankruptcy issues;

(3) difficult or unsettled nature of applicable law;

(4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

(5) jurisdictional basis, if any, other than § 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden on the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

Case 23-05016 Doc# 10-2 Filed: 08/15/23 Entered: 08/15/23 16:49:46 Page 3 of 7

3

Case No. 23-50592

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

See *In re Cedar Funding, Inc.*, 419 B.R. 807, 821 n.18 (9th Cir. BAP 2009).

The factors here weigh in favor of remanding the case back to El Dorado County Superior Court.

### (1) The Effect Or Lack Thereof On The Efficient Administration Of The Estate If The Court Recommends [Remand Or] Abstention

This factor weighs in favor of remand. Remanding the case back to state court will have no effect on the efficient administration of the estate because the El Dorado County Superior Court is adequately prepared to handle these types of cases as a court of general jurisdiction. El Dorado County Superior Court can enter final judgment in the case and leave liquidation to this Court.

### (2) Extent To Which State Law Issues Predominate Over Bankruptcy Issues

This factor weighs in favor of remand. The Complaint only pleads causes of action for fraud under state law.

### (3) Difficult Or Unsettled Nature Of Applicable Law

This factor is neutral. The applicable state law is neither difficult nor unsettled.

### (4) Presence Of Related Proceeding Commenced In State Court Or Other Nonbankruptcy Proceeding

This factor weighs in favor of remand. The lawsuit was pending for months in state court before it was removed to this court. Additionally, both debtor-defendant Flora Batoon and Plater Title Company have filed demurrers. See RJN, **Exhibits C and D**.

### (5) Jurisdictional Basis, If Any, Other Than § 1334

This factor is neutral. The only jurisdiction would be under 28 U.S.C. § 1334.

### (6) Degree Of Relatedness Or Remoteness Of Proceeding To Main Bankruptcy Case

This factor is neutral. The Debtor claimed in their status conference statement (RJN, **Exhibit E**) that the chapter 11 case was filed due to the State Court Action and the schedules list the State Court Action as a claim against third parties (RJN, **Exhibit F**). Even if the Court were to find that

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

this factor weighed in favor of removal, all other factors here, especially considering the demand for jury trial, that Plaintiff does not consent to a jury trial in this court, and does not consent to this court entering final orders in this adversary proceeding, weigh in favor of remand.

**(7) The Substance Rather Than The Form Of An Asserted Core Proceeding**

This factor is neutral. Debtor-defendant claims this lawsuit is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O), "other proceedings affecting the liquidation of the assets of the estate . . . .," but as explained above, even if the Court were to find that this factor weighed in favor of removal, all other factors here, especially considering the demand for jury trial, that Plaintiff does not consent to a jury trial in this court, and does not consent to this court entering final orders in this adversary proceeding, weigh in favor of remand.

**(8) The Feasibility Of Severing State Law Claims From Core Bankruptcy Matters To Allow Judgments To Be Entered In State Court With Enforcement Left To The Bankruptcy Court**

This factor weighs in favor of remand. Not only is it entirely feasible, but to remand the case back to El Dorado County Superior Court and allow judgment to be entered there would be a tremendous conservation of judicial resources.

**(9) The Burden On The Bankruptcy Court's Docket**

This factor weighs in favor of remand. Though counsel does not have personal knowledge of the burden on this court's docket, counsel believes that considering the size of this court's jurisdiction relative to the jurisdiction of El Dorado County Superior Court, for this court to handle another adversary proceeding removed from state court would be more of a burden than for El Dorado County Superior Court.

**(10) The Likelihood That The Commencement Of The Proceeding In Bankruptcy Court Involves Forum Shopping By One Of The Parties**

This factor weighs in favor of remand. The debtor-defendant lives in the San Jose area as opposed to the Lake Tahoe area, where the State Court Action is venued. **RJN, Exhibit A.**

**(11) The Existence Of A Right To A Jury Trial**

This factor weighs in favor of remand. Plaintiff has requested a jury trial in this case, and

Case No. 23-50592

Case: 23-05016    Doc# 10-2    Filed: 08/15/23    Entered: 08/15/23 16:49:46    Page 5 of 7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

does not consent to a jury trial in this court, which is required pursuant to 28 U.S.C. § 157(e) for this court to conduct a jury trial. Declaration of Dana Denno, Exhibit 2, section 5.

### (12) The Presence In The Proceeding Of Nondebtor Parties

This factor weighs in favor of remand. Not only does Plaintiff not consent to the entry of final judgment by this court, but the three other defendants (Placer Title Company, Coldwell Banker LLC, and Joseph Riffel) are not debtors here.

### (13) Comity

This factor weighs in favor of remand. Black's Law Dictionary defines "comity" as the "principle or practice among political entities (as . . . courts of different jurisdictions), whereby . . . judicial acts are mutually recognized . . . ." COMITY, Black's Law Dictionary (11th ed. 2019); see also *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 113 (1981).

Additionally, the Ninth Circuit Bankruptcy Appellate Panel has indicated that "[n]eedless decisions of state law by federal courts should be avoided as a matter of comity . . . in order to procure for the litigants 'a surer-footed reading of applicable law.'" *In re Casamont Investors, Ltd.*, 196 B.R. 517, 524 (9th Cir. BAP 1996), *citing United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Because the State Court Action solely involves claims of fraud regarding the sale of property in El Dorado County, comity would suggest that the superior court in El Dorado County should hear the matter.

### (14) The Possibility Of Prejudice To Other Parties In The Action.

This factor weighs in favor of remand. The Plaintiff, Coldwell Banker LLC, and Joseph Riffel all either reside, do business in, or have their principal place of business in El Dorado County. RJN, **Exhibit A**. Requiring them to appear in a court hundreds of miles away would severely prejudice them.

///
///
///
///
///

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

Case: 23-05016    Doc# 10-2    Filed: 08/15/23    Entered: 08/15/23 16:49:46    Page 6 of 7

6

Case No. 23-50592
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

///

///

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court remand the State Court Action back to El Dorado County Superior Court.

Dated: August 15, 2023

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/
Dana B. Denno
Garrett R. Leatham
Attorneys for Jacob DeGolish
d/b/a/ Assemble Capital LLC

041193-000000 9280492.1

Case: 23-05016   Doc# 10-2   Filed: 08/15/23   Entered: 08/15/23 16:49:46   Page 7 of 7

Case No. 23-50592

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720